**Sharon HOGARTH, Plaintiff,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, a foreign corporation, d/b/a Cigna Group Insurance, Defendant.**

**No. 94–8503–CIV.**

United States District Court, S.D. Florida.

Aug. 8, 1995.

**892**

David L. Rich, Swiderski & Rich, Margate, FL, for plaintiff.

Robert Eduardo Boan, Peter G. Stassun, Fort Lauderdale, FL, Mary Lou Prado, North Miami Beach, FL, for defendant.

## ORDER DENYING MOTION FOR ATTORNEY'S FEES

RYSKAMP, District Judge.

THIS CAUSE came before the Court upon plaintiff's Motion for Attorney's Fees. The defendant has filed a response in opposition.

### I. BACKGROUND

On or about March 1, 1993, the defendant issued an employee Group Long–Term Disability Income Policy to National Recovery Institute, where plaintiff was employed as a Vice President.

In July of 1993, defendant began paying disability benefits to the plaintiff in the amount of $4,500.00 per month based upon Dr. John Kaufmann's report that plaintiff was unable to work.

In early March of 1994, Dr. Kaufmann inadvertently indicated on a claim form that plaintiff was able to return to work. On the basis of that form, defendant terminated plaintiff's long term disability benefits.

On March 7, 1994, Dr. Kaufmann wrote to the defendant to clarify his error and stated that plaintiff was not able to return to work. On March 30, 1994, Dr. Kaufmann wrote another letter stating that he was not able to adequately determine plaintiff's disability and requested that another physician be responsible for such a determination. At this time, defendant continued to withhold plaintiff's benefits.

On April 20, 1994, plaintiff provided defendant with the April 14, 1994 report of Dr. Saini, which stated that the plaintiff was unable to work. The defendant found this form to be devoid of objective medical evidence to support the conclusion that the plaintiff was totally disabled from her regular occupation. Thus, in a letter dated May 26, 1994, defendant stated that it did not have adequate information to reinstate plaintiff's benefits.

On July 29, 1994, plaintiff filed this action seeking to compel defendant to reinstate her benefits and pay the back benefits due her.

On January 4, 1995, this matter went to mediation wherein the parties agreed to obtain a medical report from Dr. Stuart Baines, and then the defendant would make a determination as to plaintiff's eligibility for benefits based upon the report. Because Dr. Baines was uncooperative in writing the report, the defendant filed a Request for Examination of plaintiff by Dr. Alan Buhler, to take place on February 27, 1995.

On February 6, 1995, before plaintiff was examined by Dr. Buhler, Dr. Baines filed his report stating that plaintiff was disabled. On February 17, 1995, defendant advised plaintiff that it was reinstating her benefits and paying back benefits. Despite the determination to reinstate benefits, defendant still requested that plaintiff to submit to an exam by Dr. Buhler. On February 27, 1995, Dr. Buhler also found plaintiff to be disabled.

In her Motion for Attorney's fees, plaintiff alleges that due to defendant's actions, she was compelled to hire attorneys, and thus incurred approximately $90,000.00 in attorney's fees due her pursuant to the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1132(g)(1). In response, defendant asserts that because of conflicting and inadequate information, it was unable to reinstate plaintiff's benefits until February 17, 1995, therefore attorney's fees are not appropriate. Additionally, defendant argues that even if plaintiff is entitled to attorney's fees, the amount petitioned for is excessive.

## II. STANDARD OF REVIEW

Both parties concede that in exercising its discretion to award attorney's fees to an ERISA claimant, the Court should consider the five factors set forth in *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir.1980):

1. the degree of opposing parties' culpability or bad faith;

2. the ability of opposing parties to satisfy an award of attorney's fees;

3. whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances;

4. whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

5. the relative merits of the parties' positions.

It is this standard of review that the Court will use in the following discussion regarding the award of attorney's fees.

## III. DISCUSSION

### 1. The degree of opposing parties' culpability or bad faith

Plaintiff asserts that defendant acted in bad faith in refusing to reinstate plaintiff's benefits after Dr. Kaufmann's clerical error resulted in the termination of her benefits. Further, plaintiff argues that defendant had no information upon which to base its denial of benefits. Additionally, plaintiff alleges that defendant refused to accept the opinions of the other doctors because defendant was attempting to "forum shop" for a favorable medical opinion.

Defendant contends that because Dr. Kaufmann submitted two conflicting reports, and because Dr. Kaufmann asked to be relieved from making a determination regarding plaintiff's disability, another medical opinion was required to make the disability determination. Further, Dr. Saini failed to properly complete the claim form. In addition, plaintiff's counsel admitted that Dr. Baines' "failure to cooperate has delayed the potential resolution of this claim." Thus, because defendant had not received Dr. Baines' report in a timely fashion, defendant acted appropriately in requesting plaintiff submit to an exam performed by Dr. Buhler.

The Court finds that because of the plausibility of defendant's grounds for denying the disability claims (i.e., conflicting and incomplete reports and lack of cooperation on the part of Dr. Baines), defendant did not act in bad faith in failing to reinstate plaintiff's benefits until February 17, 1995. *See Freeman v. Continental Ins. Co.*, 996 F.2d 1116, 1120 (11th Cir.1993).

### 2. The ability of opposing parties to satisfy an award of attorney's fees

Both parties agree that the defendant is easily able to satisfy and absorb the cost of plaintiff's attorney's fees. However, the Court finds that this factor alone is not dispositive in determining whether or not attorney's fees should be awarded. *See Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 557–58 (6th Cir.1987).

### 3. Whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances

Because the Court finds that the defendant did not act in bad faith regarding the withholding of plaintiff's benefits, the statutory imposition of fees would not deter the bad faith conduct which ERISA seeks to discourage. In fact, imposition of fees where no bad faith is present may deter good faith conduct

on the part of ERISA governed health insurers.

4. **Whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself**

Both parties agree that plaintiff sought to benefit only herself, as opposed to all beneficiaries of the ERISA plan through the request for attorney's fees.

5. **The relative merits of the parties' positions**

The basis of plaintiff's Motion for Attorney's Fees is the alleged bad faith of the defendant in withholding plaintiff's benefits. Because the Court has found no bad faith present in defendant's conduct, the merit of plaintiff's position is greatly diminished, while defendant's position of asserting that its conduct was not in bad faith is bolstered.

Based upon the *Iron Workers* five factor test, the Court finds that the factors weigh in favor of the defendant and against the plaintiff. Additionally, the Court notes that "Courts have primarily focused on the first factor in this determination, and, where bad faith was not present, the courts were reluctant to award attorney's fees." *Sabina v. American General Life Ins. Co.*, 856 F.Supp. 651, 654 (S.D.Fla.1992).

THE COURT has considered the Motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the said Motion be, and the same is hereby DENIED.

DONE AND ORDERED.